1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

10

11

IN RE ZULILY, INC. LITIGATION

Case No. C15-1424RSM

ORDER PRELIMINARILY
APPROVING SETTLEMENT,
PROVIDING FOR NOTICE, AND
SCHEDULING HEARING

12   This matter is before the Court on the motion by the plaintiffs in this consolidated

13   action (the "Consolidated Federal Action"), Karan Jugal, Scott Mao and Patrick Pisano

14   (collectively, the "Federal Plaintiffs"), for an order preliminarily approving the settlement of

15   this matter, preliminarily certifying the class for purposes of the settlement only, and directing

16   notice of the settlement to the class, as more fully described herein.

17   The Federal Plaintiffs, individually and on behalf of the Class, along with plaintiffs in

18   the Delaware Actions, Harry Jackson ("Jackson") and Krishna Mada ("Mada") (the "Delaware

19   Plaintiffs," and together with the Federal Plaintiffs, the "Plaintiffs"), on the one hand, and

20   defendants zulily, inc. (now known as zulily, llc) ("ZU" or the "Company"), Darrell Cavens,

21   Mark Vadon, W. Eric Carlborg, John Geschke, Mike Gupta, Youngme Moon, Michael Potter

22   and Spencer Rascoff (the "Director Defendants"), and Liberty Interactive Corp., Mocha Merger

23   Sub, Inc. and Ziggy Merger Sub, LLC (collectively, "Liberty") (all defendants named in the

24   Consolidated Federal Action and the Delaware Actions, collectively "Defendants"), on the

25   other hand, have entered into a proposed settlement of the Consolidated Federal Action and the

26   Delaware Disclosure Claims in the Delaware Actions (the "Settlement"), the terms and

27

ORDER PRELIMINARILY APPROVING
SETTLEMENT, PROVIDING FOR NOTICE, AND
SCHEDULING HEARING - 1

conditions of which are set forth in the Stipulation and Agreement of Compromise, Settlement and Release, dated October 26, 2017 (the "Stipulation"), which is subject to review under Rule 23, Fed.R.Civ.P. ("Rule 23").

The Court has reviewed and considered the Federal Plaintiffs' motion, the Stipulation, and all of the submissions and arguments presented with respect to the proposed Settlement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

**Preliminary Approval of the Settlement**

1.    This order (the "Preliminary Approval Order") hereby incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2.    Subject to further consideration at the Settlement Hearing as described below, the Court preliminarily finds the Settlement set forth in the Stipulation to be fair, just, reasonable, and adequate to the Class.

**Class Certification**

3.    The Court provisionally certifies a mandatory non-opt-out class action, pursuant to Rules 23(a), 23(b)(1) and 23(b)(2) of the Federal Rules of Civil Procedure, of all record and beneficial holders of ZU common stock (excluding Defendants and their respective affiliates) at any time during the period from and including August 16, 2015 through and including October 1, 2015, the effective date of the Tender Offer (the "Class Period"), including any and all of their respective successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate or remote, and any person or entity acting for or on behalf of, or claiming under any of them, and each of them (the "Class").

4.    Solely for purposes of the proposed Settlement, the Court finds and concludes that the prerequisites for class action certification under Rules 23(a), 23(b)(1) and 23(b)(2) of the Federal Rules of Civil Procedure have been satisfied for the Class defined in Paragraph 3 of this Order.

ORDER PRELIMINARILY APPROVING
SETTLEMENT, PROVIDING FOR NOTICE, AND
SCHEDULING HEARING - 2

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Federal Plaintiffs are preliminarily certified as class representatives for the Class and Plaintiffs' Counsel is preliminarily appointed class counsel for the Class.  Plaintiffs' Counsel is authorized to act on behalf of the Class with respect to all acts required by, or that may be undertaken pursuant to, the Stipulation or such other acts as are reasonably necessary to consummate the proposed Settlement set forth in the Stipulation.

**Settlement Hearing**

6.      The Court will hold a settlement hearing (the "Final Approval Hearing") on **March 6, 2018, at 9:00 a.m.** for the following purposes:  (i) to determine whether to grant final certification of the Consolidated Federal Action as a class action solely for purposes of the Settlement, pursuant to Rule 23; (ii) to determine whether the proposed Settlement of the Consolidated Federal Action on the terms and conditions provided for in the Stipulation is fair, reasonable, adequate and in the best interests of the Class and should be finally approved by the Court; (iii) to determine whether the Final Judgment, substantially in the form attached as **Exhibit D** to the Stipulation, should be entered dismissing and releasing the Released Claims (as that term is defined in the Stipulation) with prejudice; (iv) to rule upon the Federal Plaintiffs' Fee Application filed in accordance with Paragraph 10 of the Stipulation; and (vii) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

**Manner of Notice**

7.      Within twenty-one (21) calendar days after entry of this Order, the Company (or its successor-in-interest) shall cause a Notice of Class Action Proposed Settlement, Motion for Attorneys' Fees and Expenses, and Final Approval Hearing in substantially the form annexed as **Exhibit C** to the Stipulation (the "Notice") to be mailed by United States mail, postage pre-paid, to all members of the Class as of the date of the consummation of the merger at their last known address appearing in the stock transfer records maintained by or on behalf of the

ORDER PRELIMINARILY APPROVING
SETTLEMENT, PROVIDING FOR NOTICE, AND
SCHEDULING HEARING - 3

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

Company.  All record holders in the Class who, during the Class Period, were not also the beneficial owners of the shares of zulily common stock held by them of record shall be requested to forward the Class Notice to such beneficial owners of those shares.  The Company (or its successor-in-interest) shall use reasonable efforts to give notice to such beneficial owners by:  (a) causing additional copies of the Notice to be made available to any record holder who, prior to the Final Approval Hearing, requests the same for distribution to beneficial owners, or (b) causing additional copies of the Notice to be mailed to beneficial owners whose names and addresses the Company (or its successor-in-interest) receives from record owners prior to the Final Approval Hearing.  The Company (or its successor-in-interest) shall be responsible for and shall pay all reasonable costs and expenses incurred in providing such Notice to the members of the Class.  At least ten (10) business days before the Settlement Hearing, the Company shall file with the Court an affidavit evidencing the dissemination of the Notice to the Class.

8.     The Court approves the form and content of the Notice and finds that providing notice of the Settlement and the Final Approval Hearing in the manner set forth herein: (i) constitutes the best notice practicable under the facts and circumstances of this action; (ii) is reasonably calculated, under the circumstances, to apprise the Class members of the proposed Settlement, the effect of the proposed Settlement (including the scope of the releases therein) and the Federal Plaintiffs' Fee Application; (iii) shall constitute due and sufficient notice of the proposed Settlement to the Class; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and the United States Constitution (including the Due Process Clause), and all other applicable laws and rules.

**The Class**

9.     All members of the Class shall be bound by all orders, determinations and judgments in the Consolidated Federal Action concerning the Settlement, whether favorable or unfavorable.  If the Settlement is approved, all members of the Class will be bound by the

ORDER PRELIMINARILY APPROVING
SETTLEMENT, PROVIDING FOR NOTICE, AND
SCHEDULING HEARING - 4

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

proposed Settlement provided for in the Stipulation, and by any order, determination or judgment of the Court affecting members of the Class, including, without limitation, the releases provided for in the Stipulation and the Final Judgment, and each member of the Class will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Released Person that is based upon, arises out of, or relates to any and all of the Released Claims.

**Appearance and Objections to the Settlement**

10.     Any member of the Class may enter an appearance in the Consolidated Federal Action, at his, her, or its own expense, individually or through counsel, by filing a notice of appearance with the Clerk of the Court and delivering same to Plaintiffs' Counsel and Defense Counsel, at the addresses set forth herein in Paragraph 14, such that it is received no later than seven (7) calendar days before the Final Approval Hearing.  Any member of the Class who does not enter an appearance will be represented by Plaintiffs' Counsel.

11.     Any Class member who wishes to object to the fairness, reasonableness or adequacy to any terms of the Settlement, or to the Federal Plaintiffs' Fee Application must, no later than fourteen 14 calendar days before the Final Approval Hearing, mail to Plaintiffs' Counsel and Defendants' Counsel (at the addresses set forth herein in Paragraph 14) and file with the Court, a statement of all of his, her, or its objection(s).  If a Class member timely and properly serves and files written objections, as set forth in this Order, Plaintiffs' Counsel and Defendants' Counsel may, as they deem appropriate, submit responsive papers in support of the Settlement or the Federal Plaintiffs' Fee Application no later than three (3) calendar days before the Final Approval Hearing.

12.     The statement of objection of a Class member shall:  (i) contain the Class member's name, address, and telephone number, and include a signature; (ii) identify the date(s), price(s) and number(s) of shares and/or units of all purchases, acquisitions, and sales of ZU Securities made by the objecting Class member during the Class Period; (iii) state the

ORDER PRELIMINARILY APPROVING
SETTLEMENT, PROVIDING FOR NOTICE, AND
SCHEDULING HEARING - 5

reason(s) why the objecting Class member objects to the Settlement and to which part(s) he, she, or it objects, as well as any legal support for the objection; (iv) include copies of any papers, briefs, or other documents upon which the objection is based; (v) state whether the objecting Class member intends to appear at the Final Approval Hearing; and, if so, (vi) list all persons who will be called to testify in support of the objection at the Final Approval Hearing. Failure to provide this information and documentation shall be grounds to void the objection. Attendance at the Final Approval Hearing is not necessary; however, Class members wishing to be heard orally in opposition to the Settlement or the Federal Plaintiffs' Fee Application are required to indicate in their written objection their intention to appear at the Final Approval Hearing.

13.     Any Class member who fails to comply with any of the requirements of this Order concerning objecting to the Settlement shall waive and forfeit any and all rights he, she, or it may otherwise have to appear separately at the Final Approval Hearing or to object to any aspect of the Settlement or the Federal Plaintiffs' Fee Application, but shall in all other respects be bound by all proceedings, determinations, orders, releases, and judgments in the Consolidated Federal Action, including the terms of the Stipulation and the Settlement, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Defendant that is based upon, arises out of, or relates to any and all of the Released Claims.  The Class members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

14.     For purposes of the notice of appearance and statement of objections described in Paragraphs 10 – 13, mailing addresses for Plaintiffs' Counsel and Defendants' Counsel are:

- For Plaintiffs' Counsel:

  BRESKIN JOHNSON & TOWNSEND PLLC
  Roger M. Townsend
  1000 Second Avenue, Suite 3670

ORDER PRELIMINARILY APPROVING
SETTLEMENT, PROVIDING FOR NOTICE, AND
SCHEDULING HEARING - 6

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

Seattle, WA 98104
Telephone: (206) 652-8660

RIGRODSKY & LONG, P.A
Brian D. Long
2 Righter Parkway, Suite 120
Wilmington, DE 19803
Telephone: (302) 295-5310

- For zulily:

  DAVIS WRIGHT TREMAINE LLP
  Brendan T. Mangan
  1201 Third Avenue, Suite 2200
  Seattle, WA 98101
  Telephone: (206) 757-8136

- For Liberty:

  BYRNES KELLER CROMWELL LLP
  Bradley S. Keller
  1000 Second Avenue, 38th Floor
  Seattle, Washington 98104
  Telephone: (206) 622-2000

**Stay**

15.     Pending Final Court Approval of the Settlement, the Plaintiffs agree that all proceedings in the Consolidated Federal Action shall be stayed, except for those proceedings related to the Settlement.  As used herein, "Final Court Approval" of the Settlement means that the Court has entered an order approving the Settlement in accordance with the Stipulation, and such order is finally affirmed on appeal or is no longer subject to appeal and the time for any petition for re-argument, appeal, or review by leave, certiorari or otherwise has expired.

16.     Pending Final Court Approval of the Settlement, Plaintiffs, all members of the Class, or any of them, are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement, prosecution or instigation of any action asserting any Released Claims, either directly, representatively, derivatively, or in any other capacity, against any Released Person.

ORDER PRELIMINARILY APPROVING
SETTLEMENT, PROVIDING FOR NOTICE, AND
SCHEDULING HEARING - 7

BRESKIN | JOHNSON | TOWNSEND <sup>PLLC</sup>
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

17.     Defendants agree to use their reasonable best efforts, and Plaintiffs agree to cooperate with such efforts, to prevent, stay, seek dismissal of or oppose entry of any interim or final relief in favor of any member of the Class in any other litigation in any other court or tribunal against any of the Released Persons that involves, without limitation, any of the Released Claims.

**Supporting Papers**

18.     All papers in support of the Settlement and the Federal Plaintiffs' Fee Application shall be filed with the Court and served on or before fourteen (14) calendar days after entry of this Order.  If reply papers are necessary, they are to be filed with the Court and served on or before three (3) calendar days before the Final Approval Hearing.

**Termination**

19.     In the event that the Settlement fails to become effective in accordance with its terms, or if the Final Judgment is not entered or is reversed, vacated or materially modified on appeal (and, in the event of material modification, if any party elects to terminate the Settlement), this Order shall be null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

**Use of this Order**

20.     The fact of and provisions contained in this Order, the Stipulation and the Settlement, and all negotiations, discussions, communications, actions, and proceedings in connection with any of the foregoing shall not be deemed to be or constitute a presumption, concession, or an admission by any Party, any signatory hereto, or any Released Person of any fault, liability, or wrongdoing as to any facts or claims alleged or asserted in the Consolidated Federal Action or the Delaware Actions or any other actions or proceedings, and shall not be interpreted, construed, deemed, involved, invoked, offered, received in evidence, or otherwise

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

used by any person in the Consolidated Federal Action or the Delaware Actions or any other action or proceeding, whether civil, criminal, or administrative; provided, however, that the Stipulation, Settlement, and/or Final Judgment may be introduced in any proceeding, whether in the Court or otherwise, as may be necessary to argue that the Stipulation, Settlement, and/or Final Judgment has *res judicata*, collateral estoppel, or other issue or claim preclusion effect, or to otherwise consummate or enforce the Stipulation, Settlement, and/or Final Judgment. Notwithstanding the above, the Released Persons may file or use the Stipulation or the Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, statutes of limitations, statutes of repose, good-faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate any liability protection granted to them.  The Parties may file or refer to the Stipulation or the Final Judgment in any action that may be brought to enforce the terms of the Stipulation or the Final Judgment.

**Retention of Jurisdiction**

21.     The Court shall retain jurisdiction for the purpose of enforcing the terms of the Settlement and Stipulation.

IT IS SO ORDERED:

DATED this 30 day of October, 2017.


RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER PRELIMINARILY APPROVING
SETTLEMENT, PROVIDING FOR NOTICE, AND
SCHEDULING HEARING - 9

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660