UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE ZULILY, INC. LITIGATION | No. 2:15-cv-01424-RSM<br><br>FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |

This matter came before the Court for hearing on March 6, 2018, pursuant to the Order of this Court dated October 30, 2017 (the "Order"), on the application of the Federal Plaintiffs for approval of the Settlement set forth in the Stipulation and Agreement of Compromise, Settlement and Release dated October 26, 2017 (the "Stipulation"). Full and adequate notice having been given to the Class as required in the Court's Order, and the Court having considered all papers filed and otherwise being fully informed and good cause appearing therefor,

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

**Incorporation of Settlement Documents**

1. This Final Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used, but not defined here, shall have the same meaning as in the Stipulation.

**Jurisdiction**

2. This Court has jurisdiction over the subject matter of the Consolidated Federal Action and over all parties to the Consolidated Federal Action, as well as all members of the Class.

FINAL JUDGMENT AND ORDER OF DISMISSAL
WITH PREJUDICE - 1

**Certification of the Settlement Class**

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby certifies the Consolidated Federal Action as a mandatory non-opt-out class action solely for purposes of the Settlement. The Class consists of all record and beneficial holders of ZU common stock (excluding Defendants and their respective affiliates) at any time during the period from and including August 16, 2015 through and including October 1, 2015 (the "Class Period"), including any and all of their respective successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate or remote, and any person or entity acting for or on behalf of, or claiming under any of them, and each of them.

4. Solely for purposes of the proposed Settlement of the Consolidated Federal Action, the Court finds and concludes that the prerequisites for class action certification under Rules 23(a), 23(b)(1) and 23(b)(2) of the Federal Rules of Civil Procedure have been satisfied in that:

    (a) the class is so numerous that joinder of all members is impracticable;

    (b) there are questions of law or fact common to the class;

    (c) the claims or defenses of the representative parties are typical of the claims or defenses of the class;

    (d) the representative parties will fairly and adequately protect the interests of the class;

    (e) inconsistent or varying adjudications with respect to individual class members would establish incompatible standards of conduct for the party opposing the class; and

    (f) adjudications with respect to individual class members, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104 Tel: 206-652-8660

**Class Representatives**

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Federal Plaintiffs are certified as class representatives for the Class and Plaintiffs' Counsel is appointed class counsel for the Class.

**Notice**

6. The Court hereby finds that notice of the pendency of the Consolidated Federal Action as a class action and of the proposed Settlement as provided to the members of the Class: (i) constituted the best notice practicable under the facts and circumstances of this action; (ii) was reasonably calculated, under the circumstances, to apprise members of the Class of the proposed Settlement, the effect of the proposed Settlement (including the scope of the releases therein) and the Federal Plaintiffs' Fee Application; (iii) constituted due and sufficient notice of the proposed Settlement to the Class; and (iv) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the United States Constitution (including the Due Process Clause), and all other applicable laws and rules.

**Objections**

7. The Court has considered each of the objections (if any) to the Settlement submitted pursuant to Rule 23(e)(5) of the Federal Rules of Civil Procedure. The Court finds and concludes that each of the objections is without merit, and they are hereby overruled.

**Final Settlement Approval and Dismissal of Claims**

8. Pursuant to Rule 23, this Court hereby approves the Settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Class. Accordingly, the Settlement embodied in the Stipulation is hereby finally approved in all respects. The parties are hereby authorized and directed to consummate the Settlement in accordance with the terms and provisions of this Stipulation and of this Final Judgment.

9. The Consolidated Federal Action is hereby **DISMISSED** in its entirety **WITH PREJUDICE**.

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104 Tel: 206-652-8660

**Releases**

10. Upon the Effective Date, the Releasing Persons shall fully, finally, and completely discharge, dismiss with prejudice, settle and release any and all known and unknown claims (including Unknown Claims), demands, rights, actions, or causes of action, whether known or unknown, for damages, injunctive relief, or any other remedy by or on behalf of the Plaintiffs and any and all of the members of the Class and their respective successors and assigns (collectively, the "Releasing Persons") against all Defendants and Goldman (including all past and current directors and officers of ZU, Liberty or Goldman whether named as defendants or not), and any of the Defendants' or Goldman's past, present or future direct and indirect parent entities, subsidiaries, affiliates, partnerships, investor funds, and their respective general partners, limited partners, shareholders, investors (however denominated), joint ventures, joint venturers, members, officers, directors, managers, managing directors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, lenders, trustees, trustors, heirs, executors, estates, administrators, agents, attorneys, professionals, predecessors, successors, assigns, insurers, and any controlling person (including the directors and officers of such) (all, collectively, the "Released Persons") that have been or could have been asserted by the Plaintiffs or any member of the Class in the Consolidated Federal Action, the Delaware Actions or in any other forum, including class, derivative, individual or other claims, whether state, federal, common law or statutory, arising out of, related to, or concerning the Consolidated Federal Action or any disclosures (or lack thereof) to ZU's stockholders concerning the Tender Offer, the Reorganization Agreement or any agreements contemplated by the Reorganization Agreement, and any amendments to any of the foregoing (all, collectively, the "Released Claims"); *provided, however,* that the claims to be released shall not include (a) the right of any of the Plaintiffs to enforce the terms of the Stipulation or the Settlement; (b) the right of any ZU stockholder who has perfected appraisal rights with respect

FINAL JUDGMENT AND ORDER OF DISMISSAL
WITH PREJUDICE - 4

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104 Tel: 206-652-8660

to their ZU stock in accordance with Delaware law to seek appraisal; or (c) the Delaware Price and Process Claims.[1]  The definition of "Unknown Claims" set forth in Paragraph 7 of the Stipulation shall apply to the claims released pursuant to this Paragraph.

11. Upon the Effective Date, Plaintiffs and Defendants release each other and their respective counsel from all claims, complaints, petitions or sanctions arising out of the investigation, commencement, prosecution, defense, settlement or resolution of the Released Claims, and shall be barred from asserting the same; *provided*, *however*, that such releases will not include a release of the right to enforce the terms of the Stipulation or the Settlement.  The definition of "Unknown Claims" set forth in Paragraph 7 of the Stipulation shall also apply to the claims released pursuant to this Paragraph.

**Binding Effect of Judgment**

12. Each member of the Class is fully and finally bound by this Final Judgment, including, without limitation, the release of claims as set forth in Paragraph 10 of this Final Judgment.

**Use of this Judgment**

13. The fact of and provisions contained in this Final Judgment, the Stipulation and the Settlement, and all negotiations, discussions, communications, actions, and proceedings in connection with any of the foregoing shall not be deemed to be or constitute a presumption, concession, or an admission by any Party, any signatory hereto, or any Released Person of any fault, liability, or wrongdoing as to any facts or claims alleged or asserted in the Consolidated Federal Action or the Delaware Actions or any other actions or proceedings, and shall not be interpreted, construed, deemed, involved, invoked, offered, received in evidence, or otherwise used by any person in the Consolidated Federal Action or the Delaware Actions or any other action or proceeding, whether civil, criminal, or administrative; provided, however, that the

---

[1] The Delaware Price and Process Claims, along with the Delaware Disclosure Claims, have been voluntarily dismissed without prejudice.  For the avoidance of doubt, Released Claims as referred to herein include, but are not limited to, the Delaware Disclosure Claims.

FINAL JUDGMENT AND ORDER OF DISMISSAL
WITH PREJUDICE - 5

Stipulation, Settlement, and/or Final Judgment may be introduced in any proceeding, whether in the Court or otherwise, as may be necessary to argue that the Stipulation, Settlement, and/or Final Judgment has *res judicata*, collateral estoppel, or other issue or claim preclusion effect, or to otherwise consummate or enforce the Stipulation, Settlement, and/or Final Judgment.

**Retention of Jurisdiction**

14. Without affecting the finality of this Final Judgment in any way, this Court hereby retains continuing jurisdiction for the purpose of, *inter* alia, entering orders providing for the implementation and enforcement of the terms of the Stipulation, including, without limitation, the releases provided for herein, and the Federal Plaintiffs' Fee Application.

**Termination**

15. In the event that the Settlement fails to become effective in accordance with its terms, or if this Final Judgment is not entered or is reversed, vacated or materially modified on appeal (and, in the event of material modification, if any party elects to terminate the Settlement), this Order shall be null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

**The Federal Plaintiffs' Fee Application**

16. Plaintiffs' Counsel is hereby awarded attorneys' fees and expenses in the total amount of $356,250.00, which amount the Court finds to be fair and reasonable and which shall be paid to Plaintiffs' Counsel in accordance with the terms of the Stipulation. It shall be the joint and several obligation of each of Plaintiffs' Counsel to refund to zulily (or its successor-in-interest) any fees and expenses paid (or, in the case of an order modifying the fees and expenses award, any portion thereof) within ten (10) calendar days of the entry of any order reversing, vacating or modifying the Final Judgment and Order of Dismissal or any award of fees and expenses, even though such order may be subject to further appeal. None of the

Released Persons (or their insurer(s)) shall bear any expenses, costs, damages, or attorneys' fees alleged, incurred or alleged to have been incurred by Plaintiffs, any member of the Class or any of their respective attorneys, agents, experts, advisors or representatives, except as ordered pursuant to paragraph 16 of this Final Judgment and Order of Dismissal.

**Entry of Final Judgment**

17. This Court finds, for purposes of the Federal Rules of Civil Procedure, that there is no just reason for delay and expressly directs the Clerk of Court to enter this Final Judgment as set forth herein immediately. Final Judgment shall be, and hereby is, entered dismissing the Consolidated Federal Action in its entirety with prejudice and on the merits. This Judgment is a final Judgment in the Consolidated Federal Action as to all claims asserted therein at any time and as to all of the Class's Released Claims against the Released Persons.

IT IS SO ORDERED:

DATED this 6th day of March, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE